Judge Robebtsqn,
delivered the opinion of the Court.
Barnet and Gentry having several claims, the one on the other, on contracts for specie, and for Commonwealth’s paper, on some of which suits were pending in the Madison circuit court, by Barnet vs. Gentry, and by Gentry vs. Barnet, they agreed, in a written contract* to submit all their suits, except one, and all their causes of action, to the arbitrament, and award of Jacob S. White* Richard Mobberlyand William Miller, and to abide the decision of the arbitrators or of any two of them* so far as it should dispose of claims not litigated in court, and to make the award of the arbitrators the judgment of the court, in such cases pending in.court, as it should decide.
An award in writing Was made out conformably to the submission, and which embraced all the subject® *313 which had been referred. It was dated the 4th of September, 1826, but the parties were notified of its tenor in August, 1826, before it had been reduced form.
The fall term of the Madison circuit court, commenced on the first Monday in September, and is limited to two weeks. On the 15th of September, 1826, Barnet brought this suit, which is an.action of covenant on the award.
The declaration, Containing only one count, was demurred to, and the court having sustained the demurrer, Barnet obtained leave to amend. Instead of amending his former count or substituting another in lieu of it, he submitted an amendment in the form of an additional count.
A demurrer to this amended declaration, being overruled, Gentry filed three pleas: 1st. “Mil tie¿ agard-P 2d. That Barnet had not performed the award on his part. 3d. That there had been no demand of the bálance due to Barnet on the award.
Issue was taken on the firstplea, and demurrers to the 2d and 3d pleas being sustained, the jury was sworn to try the issue, and found a verdict for Barnet for $471 85 cents, for which the court rendered judgment.
From this judgment Gentry appealed. The counsel for Gentry urges a reversal of the judgment on the following grounds:
1st. The award is uncertain, because it allows interest and costrto be paid by Gentry, without stating the rate of interest or the amount of costs. .
2d. The award which was read to the jury was different from that described in the declaration,' and, therefore, ought not to have been admitted against Gentry’s objection to it.
3d. The award is void, because it directs the payment of some of the claims of Barnet, to be made in Commonwealth’s paper.
4th. The court directed that the value of the Commonwealth’s paper, at the date of the award* *314 and not at that of the original contract, was the measure of Barnet's right to recover on so much of the award as directed payment in paper.
Certainty to common intent., all that is required ii an award.
5th. The court refused to instruct the jury that Barnet could not maintain a suit on the award, so far as suits were then pending, for the original demande adjusted by the award.
6th. The court refused a new trial.
7th. The clerk of the circuit court was permitted to prove the amount of costs in certain suits embraced in the award, without exhibiting the record; and when he was sworn by his deputy, instead of the circuit judge.
8th. The declaration is defective, in not averring performance of the award by Barnet.
9th. The 2d plea was good.
The original declaration set out the submission and award, and made profert of both. The only objection to the recital of the award, is that the declaration omits any notice of so much of it, as is in favor of Gentry; and with this exception the declaration is not only unobjected to, but is unexceptionable. The declaration does not profess to set out the award, “in kcec verba.”
The amendment describes all the cases pending and existing between the parties, and avers that they were the cases submitted, and that they and no others were decided by the arbitrators. But it does not recite the award or show certainly what it was, unless the amendment and the original be incorporated.
The first objection to the judgment is unavailing. Certainty, to a common intent, is all that the law requires an award to exhibit. To award a certain amount in money, and “interest thereon,” from a particular date, is intended to mean, and must be construed to mean, the principal debt and legal interest upon it. And it is not necessary to explain, in direct and specific terms; that which the law fixes and defines. The court know’s, judicially, that legal interest is six per centum per annum, “/cl cerium est quod certum reddipotest,” is a maxim which is applied to awards. *315 See Galloway’s heirs. vs. Webb, Hardin’s Reports, 327; I. Burrow, 277; II. Lord Raymond, 1076; XII. Mod. 585; Strange, 903; II. Saunders, 292.
Awards to be construed according to common sense & popu, lar understanding.
Award of costs, without calculation of them, is reasonably cerr- ■ tain, and therefore good.
It is not fitting that courts should be punctiliously exact, or fastidiously technical in the interpretation of awards by arbitrators. Arbitrations are comparatively cheap and speedy. They are favored by the law; and, in modern times, awards have received more indulgence and liberality than were extended to thepi anciently. They will be construed according to the dictates of common sense. Their words will generally be interpreted according to the popular understanding of them. In construing them, the only object of the judge, is to ascertain what the arbitrators intended.
Tested by these principles, no doubt will remain that an award of “interest” is sufficiently certain. Interest means “ex vi termini,” when applied to a debt, legal interest or six per centum. This will be the universal understanding of all who read the award. And hence, the arbitrators deemed it unnecessary to be more specific.
The same reasoning and authorities, apply, with even more force, to the costs. They are ascertainable by reference to the suits, in relation to whidh they are awarded. An award of costs, without any calculation of their amount, is reasonably, certain, and, therefore, good. XIV. Johnson, 96; Short vs. Kincaid, I. Bibb, 420.
The 2d objection is, that which is more important and extensive than any other. If the award does not correspond with the declaration, the latter is defective, and the judgment would be erroneous.
The amendment which was filed, if abstracted from the original, does not describe the award; and, therefore, in this view of the declaration, it could not be said that there was a discrepancy between the award declared on, and that proved, But the declaration would be defective on this construction of it, and the demurrer to it should have been sustained. Gentry, however, does not complain of error In overruling his demurrer, nor in refusing to arrest the. *316 judgment. This court cannot, therefore, notice any such defect in the declaration.
Suit ori award, no necessity to set lutec verba111'
Considering the amendment alone, as the declaration, the court did not err in admitting the award, merely because it was not set out, lHn heve verba,” or ^enor disclosed in the declaration. After the amended count was sustained on demurrer to it, as it did not state what the award was, that offered could not be objected to, as inconsistent with the count. But there is scarcely any room for a doubt, that although the amendment is unskilfully drawn, in the form of a supplemental count, it was intended by Barnet’s counsel and understood by the court, to be incorporated with the original declaration, to supply the defect alleged to exist in it, when the demurrer to it was sustained. And if the original and amend\ment be considered as connected together, to make out the declaration, the award was properly admitted as evidence, because it is set out with legal certainty and identity.
In a suit on an award, it is necessary for the plain-jiff to state so much of the award, as will show his right to recover. It is not his duty to notice any matters in if, which may be in favor of the defendant. These the defendant must plead, if they will avail. I. Burrow, 280; I. Salk. 72; II. Saunders, 62, b, 5; M’Kinstry vs. Solomons, II. Johnson’s Reports, 57; Diblee vs. Bell, XI. Ib. 103; I. Chitty, 555.
Therefore, the original declaration was good, and the court consequently erred in sustaining the de/nur-rer to it. Wherefore, if the amendment be considered as alone constituting the declaration, and the overruling of the demurrer to it, were assigned for error, as it well might have been in that aspect of the case, (for then it would have been error,) nevertheless, as the first error was committed against Barnet, in sustaining Gentry’s demurrer to the original declaration, which was good, this court would not reverse the judgment for the error,-afterwards committed in deciding on the amendment which the court errone? ously compelled Barnet to file.
Court cannot (ud^entfor specie and common-w®a^h j> mu^bere-P ducedtoits 3Peoie value,
Nor can the 3d objection be sustained. The court could not render judgment for both specie and bank paper. It has not done so. It has given as it should have done, for the specie and' for the value of the paper awarded. An award that one party pay to the other, property, or perform any other act, within the scope of the submission, would surely, be valid. An award that he should pay both money and property, would, consequently, be good. Judgment could not be rendered for the specific pro-porty, in kind. It would be necessary to ascertain its value in money, and then pronounce judgment on the award, for the aggregate amount in specie. Such was the course pursued in this case. It is probable that some of the contracts in this case, were for money and others for bank paper. If so, it was proper to award that the contracts for money should be discharged in money, and that those for paper should be paid in paper. But such an award not being embraced by the act of assembly, which authorizes judgments for commonwealth’s notes, on contracts for such currency, judgment upon it must, of necessity, be for the value of the paper. On a contract for. payment of money, and the delivery of property or bank pap^r, the judgment would be for money, including in the estimate of the amount, the speciev and the value of the property or paper. The only difference between a covenant to pay money and property, and an award for payment of specie and bank paper, is, that one is a direct and the other an indirect contract. By the submission, the parties to it agree to do whatever, within the intent^f the reference, may be awarded to be done. If the award be that one shall pay the other property, then the former is bound by contract, to do so. It- results that. the objection to the award which we are now considering is fallacious.
The fourth is equally so. The value of the commonwealth’s paper, at the date of the award, is the proper criterion by which to ascertain the amount of recovery.
If Gentry had executed to Barnet a note for commonwealth’s paper, which was at a discount of *318 per cent, when it fell due; Barnet, if he elected to take the value of the paper, could only recover $¡50, in a suit on the note. But if, when the paper had appreciated to within 25 per cent, of specie, Gentry had executed a second note in consideration of the first, promising to pay the same nominal amount in paper, one •day after date, would Barnet be entitled to the value of the paper at the date of the first or the last note? Surely the last. That contains the contract, on which he must recover, and which regulates the extent of the recovery.'
As Gentry is bound, by his submission, to pay whatever shall be awarded against him, the instant the arbitrators decide that he shall pay bank paper, he becomes responsible on a new contract, to pay it. lie is not guilty of a breach of this new contract, until beyond a reasonable time after the award, he refuses to pay the amount awarded against him. If, therefore, he be sued for a breach of his submission bond, the value of the paper at the time of the breach, or in other words, when he was required by his submission, and by the award to pay it, is the amount of his liability.
As to the 5th objection, it is necessary only to say, that the matter on which it relies is waived by the pleadings. If the pendency of other suits for the same causes of action, for which this was brought, could affect the right to recover in this, it could be presented only by plea in abatement.
But it is by no means certain, that this fact could have abated this suit, if it had been properly pleaded. The causes of action are not precisely the same. The suits which were alleged to be pending when this was instituted, and which, among other things, were submitted to arbitration, were founded on several individual contracts and transactions between the parties. The basis of this suit, is the article of submission and the award made in pursuance of it, in which all the former causes of action are merged and consolidated; and by which they are adjusted. Whether those suits could, after the submission and award,'be further prosecuted, is a different question. Whether they might be or not, is not material to the *319 Question. If they could not be, then their pendency should not abate this suit. If they could be, judg ments rendered on them could not be pleaded in of this suit, because the causes of action are breaches of distinct contracts. Those suits should not, however, be prosecuted after the judgment in this case; they cannot be so prosecuted, tq the prejudice of Gentry. He is in no danger of being compelled to pay the same debts twice.
The refusal of the court to grant a new trial, which constitutes the 6th objection, was not erroneous. The new trial was moved for on the ground that the verdict was contrary to law and evidence. But the objection to the opinion of the court, is only that it is erroneous, because the verdict is contrary to the evidence. From what has already been suggested on Other points, it results that the evidence sustained the verdict. At least, the verdict cannot be said to be contrary to the evidence.
The 7th objection appears to us to be destitute of any support, from reason or authority. We can perceive no reason why a deputy clerk is not as competent to administer an oath to the principal clerk, as to any other person. And the proof of the amount of the costs of the suits, by the calculations of the clerk, and sworn to by him in court, is certainly as good evidence as could be produced. For if the records had been introduced, still the amounts of the costs on each, could have been proved by the taxation of the clerk. This would be the regular and appropriate mode of establishing the amount.
The 8th objection, that Barnet ought to have averred performance of the award, on his part, is already, in some degree answered. For if it be not necessary for the plaintiff in a suit on an award, to aver more than what may be sufficient to show his right to recover, and, therefore, he need not state any thing that the award requires of him, it would result that it is not Incumbent on him to allege performance of that, the existence of which, he is not bound to disclose. An award is not a deed or specialty. I. Burrow, 281; II. Saunders, 62, b. 5. Therefore, it was not neces. sary in England, to make profert of it. Foreland vs. *320 Marygold, I. Salk. 73. But in debt on a bond to perform an award, it is necessary to set out the whole award in a replication to a plea bringing it into question.' See the same authorities. Whenever it becomes necessary to set forth the whole av^ard# the plaintiff must show, if it require of him any precedent condition) that he has performed or offered to perform it. Jacob’s law dictionary, title award, 201. Gentry has not pleaded that there was, in the award, any thing required to be done by Barnet, as a condition precedent to or concurrent with performance by him, and that Barnet had failed to perform orto offer to perform it. Barnet stated only so much of the award as was in his favor, and averred an offer to perform on his part. Gentry plead “no such award,” and also filed a plea traversing the averment of an offer by Barnet to perform the award. But the declaration does not show what was awarded against Barnet; nor does either of the pleas show it. The averment by Barnet, of his offer to perform the award was, therefore, not only immaterial and superfluous, but it was indefinite and unintelligible, and therefore, not issuable.
But if either Barnet, in his declaration, or Gentry in his plea, had set out the whole award, an issue on Eerformance or oiler to perform by Barnet, would ave been immaterial. Performanée by him was not a condition precedent to his right of action against Gentry. The acts required of each party, by the award, might be performed at different times, and by either, without the concurrence of the other; some of them are, without doubt, of this character. The acts to be done by each, are mutual and independent. The covenants and the duties imposed by the award, are concurrent, but nevertheless, in such cases, a suit may be maintained by either against the other, for a breach without performance or tender of performance by the plaintiff, unless the performance by him, and not his obligation to perform, be the consideration of the defendant’s liability; or unless the acts to be done are mutual and dependent, in which case, the party who complains must always show either performance or an offer to perform. I. Chitty, 297-8; Ib. 310.
*321 ■“Where ihe concurrence and presence of both parties is not absolutely necessary to the performance, each ought to perform without request by the I. Lord Ray. 233-4; Rall. tit. arbitr. 26*
It would seem, therefore, that what wasimposed on Barnet by the award, was neither a condition precedent, nor a dependant act which necessarily must be performed simultaneously, with that enjoined on Oentry. And Gentry could certainly perform what was required of him, or a part of it, without the concurrence and presence of Barnet*
But if the acts to be performed were dependant, performance by Barnet was not indispensable to his right of action against Gentry. In such a case, an offer to perform is equivalent to performance, and is all that the law requires. I. Chitty, 298; Ib. 310. An offer to perform even a condition precedent, is always sufficient, unless the act can be done without the concurrence or presence of the other party. And it is sufficient in all cases, without any exception, if the acts to be done by each party, be concurrent and dependant.
The declaration in this case, avers a readiness to perform. Therefore, in any aspect of the question-, it was not necessary to aver more.
This brings us to the 9th and last objection, which is that the plea traversing the offer to perform, ought to have been sustained. Having already expressed the opinion that the averment of an offer to perform by Barnet, was superfluous, and might have been stricken out without impairing the cause of action, it follows that the plea vas immaterial, and that, therefore, the demurrer to it was properly sustained-.
Having disposed of all the objections which have been made to the judgment, the court will only add that if there be any error in the proceedings, which is Kot embraced by the assignment of errors, it cannot be judicially noticed.
Believing that there is no error so far as the appellant has made his objections, the judgment of the circuit court is affirmed with damages, but without *322 costs, as the appellee suffered a default to be entered against him.
Turner and Caperlon, for appellant; Brack, for appellee.